IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA WALLIS                                                                                    PLAINTIFF

v.                                  Civil No.  2:18-CV-02005

CHRISTINA SHERRY (Public Defender),                                      DEFENDANTS
DANIEL SHUE (Prosecuting Attorney), and
JASON HUNTER (Prosecuting Attorney)

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed her Complaint on November 27, 2017, in the Eastern District of Arkansas. (ECF No. 2).  The case was transferred to this District on January 9, 2018.  (ECF Nos. 7, 8).

Plaintiff alleges her constitutional rights were violated when she was coerced into a guilty plea by her public defender, Christina Sherry.  (ECF No. 2 at 4).  Plaintiff further alleges the prosecutors, Defendants Shue and Hunter, should have been aware that she had already been convicted of a similar charge in Barling City Court.  (ECF No. 2 at 4-5).

Plaintiff proceeds against all Defendants in their official and personal capacities.  (ECF No. 2 at 2).  Plaintiff seeks "relief from these charges that are sending me to prison," as well as time served.  (ECF No. 2 at 6).

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims against Public Defender Sherry are subject to dismissal. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, when the claim is merely that the public defender failed to adequately represent the client in his or her criminal proceedings, it does not state a cognizable claim under § 1983. *See Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Likewise, Plaintiff's claims against Prosecutors Shue and Hunter are subject to dismissal. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established

the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 20th day of March 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE